## C. M. Sherer and D. J. Sherer, Partners as C. M. Sherer & Co., v. Ira W. Langford.

1. CONSOLIDATION OF CLAIMS—*Before Justice of the Peace.*—Where a party who held two accounts against another, the total amount of which did not exceed the jurisdiction of a justice of the peace, postponed the time of payment of one by mutual agreement with his debtor, and commenced a suit upon the other before a justice of the peace which he prosecuted to final judgment, *it was held* that the judgment so recovered was not a bar to a suit upon the other account, the payment of which was postponed by agreement.

Assumpsit, for goods sold. Appeal from the County Court of Edgar County; the Hon. SUMNER S. ANDERSON, Judge, presiding. Heard in this

Sherer v. Langford.

court at the May term, 1896. Reversed and remanded. Opinion filed November 25, 1896.

H. S. TANNER and J. E. DYAS, attorneys for appellants.

SELLER & SHEPHERD, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This suit originated before a justice of the peace, and was based upon an open account for lumber furnished by plaintiffs to defendant.

It was removed by appeal to the County Court, and the defense there was that this account was a part of another which had been made the basis of a prior suit before a justice of the peace and that the judgment in the former suit was a bar to the proceeding in this. The plaintiffs insisted that this account was not due when the former suit was commenced. The evidence was somewhat conflicting upon the point and the court found for the defendant and dismissed the suit. We have read the evidence with care and are forced to disagree with the conclusion reached by the court. We think it very clearly appears from the preponderance of the evidence that the time for payment of this account had been extended by agreement of the parties to a date subsequent to the beginning of the former suit.

The account here sued on was for lumber obtained at different dates, and used in a building known as a canning factory owned and managed by defendant. That upon which the former suit was based, was for similar material furnished for use in a structure known as a knitting mill, also operated by defendant, and was due and payable before any of the accounts in the present suit was incurred. It is apparent that defendant as well as the plaintiffs treated the two accounts as entirely separate and distinct.

The parties having, by mutual agreement, postponed the time of payment of the canning factory account to a day subsequent to the commencement of the former suit on the knitting mill account, and the defendant having thereby obtained an extension of credit for several months, he ought

not to be permitted to repudiate the agreement on the ground of a want of consideration. He has enjoyed the benefit of it and is estopped to deny it. The plaintiffs having in good faith abided by it were legally warranted in regarding the account as not due when the former suit was commenced.

The judgment will be reversed and the cause remanded.